UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AUTHORIZATION TO INTERCEPT WIRE
COMMUNICATIONS OCCURRING OVER THE                SEALED ORDER
CELLULAR TELEPHONE BEARING ASSIGNED CALL
NUMBER 646-964-3580, INTERNATIONAL
MOBILE SUBSCRIBER IDENTITY NUMBER
("IMSI") 316010160550888, AND URBAN
FLEET MOBILE IDENTIFICATION NUMBER
("UFMI") 176*745*7216 (THE "TARGET
CELLPHONE")

TO:  SPECIAL AGENTS OF THE DEPARTMENT OF HOMELAND SECURITY,
     IMMIGRATION AND CUSTOMS ENFORCEMENT, AND OTHER INVESTIGATIVE
     AND LAW ENFORCEMENT OFFICERS AND AUTHORIZED TRANSLATORS

Application under oath having been made before me by Amie N. Ely, an Assistant United States Attorney for the Southern District of New York who is an "investigative or law enforcement officer" as defined in Title 18, United States Code, Section 2510(7), for an Order pursuant to Title 18, United States Code, Section 2518, authorizing the interception and recording of wire communications, and full consideration having been given to the matters set forth therein, the Court finds there is probable cause to believe:

(a) One or more of MANUEL GEOVANNY RODRIGUEZ, a/k/a "Shorty," a/k/a "Manny," OSMEL VAZQUEZ, a/k/a "Omel," RICHARD JIMENEZ-PEREZ, a/k/a "Milton Delgado," a/k/a "Javier Ramirez-Santiago," WILLIAM DELGADO, a/k/a "Mejor," ARIEL PENA, a/k/a "Bin, Vin," JOSE RAMON PEREZ, KENNETH PENA, LETICIA RAPOSO, a/k/a "Leti," a/k/a "La Rubia," DEYANIRA PAULINO-GOMEZ, a/k/a

"Maritza Alvarez," STALIN DOMINGO GOMEZ, CYNTHIA MEDINA, ERICK NUNEZ, and others known and unknown (the "TARGET SUBJECTS"), are involved in offenses involving the importation, distribution of, and possession with intent to distribute controlled substances, the use of wire facilities to facilitate the same, conspiracy to do the same and attempts to do the same, in violation of Title 21, United States Code, Sections 841, 843, 846, 848, 856, and money laundering, in violation of Title 18, United States Code, Sections 1956 and 1957 (the "TARGET OFFENSES").[1]

  (b) Certain of the TARGET SUBJECTS, during the period of interception applied for herewith, have been using, are using, and/or will in the immediate future use a cellular telephone bearing assigned number **646-964-3580**, International Mobile Subscriber Identification ("IMSI") **316010160550888**, and Urban Fleet Mobile Identification ("UFMI") **176\*745\*7216** and subscribed in the name of "Prepaid Prepaid ," at "PO Box 55026, Irvine, CA 92619," and with service provided by **SPRINT/NEXTEL** (the "TARGET CELLPHONE").

  (c) The interception of wire communications, the authorization for which is sought herein, will reveal (i) the

---

[1] In addition, although aiding and abetting is not a predicate offense under Title 18, United States Code, Section 2516, there is probable cause to believe that the TARGET SUBJECTS have aided and abetted and are aiding and abetting those substantive offenses, in violation of Title 18, United States Code, Section 2.

nature, extent and methods of operation of the TARGET SUBJECTS' narcotics-trafficking business; (ii) the identities of the TARGET SUBJECTS, their accomplices, aiders and abettors, co-conspirators and participants in their illegal activities; (iii) the time and place of the receipt and distribution of contraband and money involved in those activities; (iv) the locations and items used in furtherance of those activities; (v) the existence and locations of records; (vi) the location and source of resources used to finance their illegal activities; and (vii) the location and disposition of the proceeds from those activities. In addition, these wire communications are expected to constitute admissible evidence of the commission of the above-described offenses.

(d) It has been adequately established that normal investigative techniques have been tried and have failed or reasonably appear unlikely to succeed if tried.

WHEREFORE:

IT IS HEREBY ORDERED that, pursuant to Title 18, United States Code, Section 2518, the application having been authorized by an appropriately designated official of the Criminal Division, who has been specially designated by the Attorney General of the United States to exercise the powers conferred on him by Title 18, United States Code, Section 2516, special agents of the Department of Homeland Security, Immigration and Customs

Enforcement ("ICE") and other "investigative and law enforcement officers," as defined in Title 18, United States Code, Section 2510(7), to be assisted, if necessary, by authorized translators, are authorized to intercept and to record wire communications of the TARGET SUBJECTS over the TARGET CELLPHONE, including voicemail messages contemporaneously left in any voice mailboxes, until such communications are intercepted that fully reveal: (i) the nature, extent and methods of operation of the narcotics activities of the TARGET SUBJECTS; (ii) the identities of the TARGET SUBJECTS, their accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities; (iii) the source, receipt, and distribution of narcotics activities, contraband, and money involved in those activities; (iv) the locations and items used in furtherance of those activities; (v) the existence and locations of records; (vi) the locations and sources of resources used to finance their illegal activities; and (vii) the locations and disposition of the proceeds from and relating to those activities – or for a period of thirty (30) days, whichever is earlier;

IT IS FURTHER ORDERED that because of the mobility of portable cellular telephones, that the interception of wire communications within the Southern District of New York, and outside the jurisdiction but within the United States, is authorized pursuant to Title 18, United States Code, Section

2518(3);

   IT IS FURTHER ORDERED that the interception of background conversations in the vicinity of the TARGET CELLPHONE while the TARGET CELLPHONE is off the hook or otherwise in use is hereby authorized;

   IT IS FURTHER ORDERED that this Order shall be executed as soon as practicable, and that interception shall be conducted in such a way as to minimize the interception of wire communications not otherwise subject to interception under Chapter 119 of Title 18 of the United States Code, and must terminate upon attainment of the authorized objectives, or in any event, at the end of thirty (30) days. If the conversation is minimized, agents shall spot check to insure that the conversation has not turned to criminal matters. The 30 days is measured from the earlier of the date on which investigative or law enforcement officers begin to conduct interception under this Court's Order or ten days from the date of this Court's Order;

   Monitoring of conversations must terminate immediately when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119, Title 18, United States Code. Interception must be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the named interceptees or any of their confederates, when identified, are

participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. If the conversation is minimized, the monitoring agent shall spot check to ensure that the conversation has not turned to criminal matters. It is further ordered, pursuant to Title 18, United States Code, Section 2518(5), that, in the event the intercepted communications are in a code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, minimization may be accomplished as soon as practicable after such interception;

　　　　IT IS FURTHER ORDERED, pursuant to the provisions of Title 18, United States Code, Section 2518(4), that it be ordered that Sprint/Nextel, the service provider for the TARGET CELLPHONE, furnish the technical assistance necessary to accomplish the interception unobtrusively and with a minimum of interference with such services as those providers accord the persons whose communications are to be intercepted (including all dial digits, all incoming and outgoing calls, and pen register information, pursuant to Title 18, United States Code, Section 3121, et seq., and audio interception capability whether the cellular telephone is in roaming mode or otherwise);

　　　　IT IS FURTHER ORDERED that the service providers maintain service to the TARGET CELLPHONE for the period of

interception and any extensions thereto. The assistance of these providers is required to accomplish the objectives of the requested interceptions. Reasonable expenses incurred pursuant to this activity will be processed for payment by ICE;

IT IS FURTHER ORDERED, with regard to the TARGET CELLPHONE, because the need for contemporaneous information concerning the intercepted communications is especially important in the present investigation, that Sprint/Nextel, and any other service provider for the TARGET CELLPHONE, be ordered to provide originating and terminating cell site information for the TARGET CELLPHONE, by permitting access to such information, pursuant to Title 18, United States Code, Sections 2703 and 3121-3126;

IT IS FURTHER ORDERED that, pursuant to Rule 41(b) of the Federal Rules of Criminal Procedure, Sprint/Nextel and any other communication service providers, as defined in Section 2510(15) of Title 18, United States Code, during the authorized period of the interception over the TARGET CELLPHONE, shall assist agents of ICE and other investigative and law enforcement officers by providing all information, facilities and technical assistance needed to ascertain the physical location of the TARGET CELLPHONE, including but not limited to data indicating the specific latitude and longitude of (or other precise location information concerning) TARGET CELLPHONE (the "Requested Location Information"), for a period of thirty (30) days;

IT IS FURTHER ORDERED that Sprint/Nextel shall disclose the Requested Location Information concerning the TARGET CELLPHONE, and initiate a signal to determine the location of the TARGET CELLPHONE on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the Order to Sprint/Nextel, and shall furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of the TARGET CELLPHONE, at any time of day or night, owing to the potential need to locate the TARGET CELLPHONE outside of daytime hours;

IT IS FURTHER ORDERED that the furnishing of said information, facilities, and technical assistance by Sprint/Nextel shall terminate thirty days measured from the earlier of the day on which the investigative or law enforcement officers begin to conduct the interception of wire communications, pursuant to this Order or ten days from the date the Order is entered, unless otherwise ordered by this Court.

During the period of this Court's Order, the furnishing of such information, facilities and assistance by Sprint/Nextel and other communication service providers, shall be compensated for by the United States at the prevailing rate;

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C.

3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the authorized period for acquisition of the Requested Location Information;

IT IS FURTHER ORDERED that Sprint/Nextel shall disclose to the United States and ICE all published and non-published subscriber information and toll records and information relevant to this investigation, that is, all such information pertaining to the telephone numbers associated with telephones, digital display devices, and mobile telephones used, if any, which may be requested in furtherance of this investigation, within twenty-four hours of said request, there being reason to believe that the contents of the information sought is relevant and material to an ongoing criminal investigation;

IT IS FURTHER ORDERED that any tracing operation and the use of Caller ID service for the TARGET CELLPHONE be without geographical limit;

IT IS FURTHER ORDERED that, because of the possibility that the telephone number assigned to the TARGET CELLPHONE may change, interception is permitted of wire communications over not only the TARGET CELLPHONE, but also over any other telephone numbers accessed through the above-listed IMSI number for the TARGET CELLPHONE, and any IMSI numbers accessed through the phone number assigned to the TARGET CELLPHONE;

IT IS FURTHER ORDERED that, in the event that the service provider changes during the course of the interception, interception may continue with the new service provider without further Order of this Court. The United States will advise the Court of the change of service provider in the periodic progress reports submitted to this Court;

IT IS FURTHER ORDERED that if the TARGET CELLPHONE is transferred outside the jurisdiction of this Court, such interception may take place in any other jurisdiction within the United States;

IT IS FURTHER ORDERED that this affidavit, as it reveals an ongoing investigation, be sealed until further Order of the Court in order to avoid premature disclosure of the investigation, guard against fugitives, and better ensure the safety of agents and others;

IT IS FURTHER ORDERED that Assistant United States Attorney Amie N. Ely, or any other Assistant United States Attorney familiar with the facts of this case, shall cause to be provided to the Court a report on or about the tenth and twentieth days following the date of this Order or the date interception begins, whichever is later, showing the progress that has been made toward achievement of the authorized objectives and the need for continued interception. If any of the aforementioned reports become due on weekends or holidays,

said reports shall be due on or about the next business day thereafter;

IT IS FURTHER ORDERED that no inventory or return of the results of the foregoing interception need be made, other than the above-required reports, before 90 days from the date of the expiration of this Order, or any extension of the Order, or at such time as the Court in its discretion may require;

IT IS FURTHER ORDERED that, upon an ex parte showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time; and

IT IS FURTHER ORDERED that this Order, as well as the supporting application (along with its attachments), affidavit, proposed Orders, and all interim reports filed with the Court be sealed and placed in the custody of the United States Attorney's Office for the Southern District of New York until ordered unsealed by the Court or by another judge of competent jurisdiction, except that copies of this Order shall be served on ICE and other participants in the investigation as necessary to effectuate this Order.

Dated: New York, New York
January 7, 2010

Time: 9:30 AM

HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK