UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO INTERCEPT WIRE COMMUNICATIONS OCCURRING OVER THE CELLULAR TELEPHONE BEARING ASSIGNED CALL NUMBER 646-964-3580, INTERNATIONAL MOBILE SUBSCRIBER IDENTITY NUMBER ("IMSI") 316010160550888, AND URBAN FLEET MOBILE IDENTIFICATION NUMBER ("UFMI") 176*745*7216 (THE "TARGET CELLPHONE") | ORDER TO SPRINT/NEXTEL |

TO: SPRINT/NEXTEL AND ITS AGENTS AND EMPLOYEES

Application having been made by the United States for an Order pursuant to Section 2518 of Title 18, United States Code, authorizing the interception and recording of wire communications, including voicemail messages left in any voice mailboxes provided by Sprint/Nextel, in connection with the a cellular telephone bearing assigned number 646-964-3580, International Mobile Subscriber Identification ("IMSI") 316010160550888, and Urban Fleet Mobile Identification ("UFMI") 176*745*7216 and subscribed in the name of "Prepaid Prepaid ," at "PO Box 55026, Irvine, CA 92619," and with service provided by SPRINT/NEXTEL (the "TARGET CELLPHONE"), as well as any other telephone numbers accessed through the above-listed IMSI numbers for the TARGET CELLPHONE, and any IMSI numbers accessed through the phone numbers assigned to the TARGET CELLPHONE;

IT APPEARING that the Court, having reviewed the application and having found that it conforms in all respects to

the requirements of Title 18, United States Code, Sections 2516 and 2518, has on this date, signed an Order conforming to the provisions of Title 18, United States Code, Section 2518, authorizing Members of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), and other investigative and law enforcement officers, assisted, if necessary, by authorized translators, to intercept and record communications, including voicemail messages left in any voice mailboxes, occurring over the TARGET CELLPHONE for a 30-day period to be measured from the earlier of the date on which investigative or law enforcement officers begin to conduct interception under this Court's Order or ten days from the date of this Court's Order;

IT FURTHER APPEARING that Sprint/Nextel and the telecommunications companies that provide service to the TARGET CELLPHONE are service providers within the meaning of Title 18, United States Code, Section 2510(15);

IT IS HEREBY ORDERED that Sprint/Nextel and any subsequent provider of wire communications service shall furnish to the applicant forthwith all information, facilities, and technical assistance necessary to accomplish the interception unobtrusively and with a minimum of interference with the services that such provider is according the persons whose communications are to be intercepted (including all incoming and

outgoing calls, pen register information (including all dial digits), trap and trace information, and audio interception capability), the furnishing of such facilities or technical assistance by Sprint/Nextel to be compensated by ICE for reasonable expenses incurred;

IT IS FURTHER ORDERED that, pursuant to Rule 41(b) of the Federal Rules of Criminal Procedure, Sprint/Nextel and any other communication service providers, as defined in Section 2510(15) of Title 18, United States Code, during the authorized period of the interception over the TARGET CELLPHONE, shall assist agents of ICE by providing all information, facilities and technical assistance needed to ascertain the physical location of the TARGET CELLPHONE, including but not limited to data indicating the specific latitude and longitude of (or other precise location information concerning) TARGET CELLPHONE (the "Requested Location Information"), for a period of thirty (30) days;

IT IS FURTHER ORDERED that Sprint/Nextel shall disclose the Requested Location Information concerning the TARGET CELLPHONE, and initiate a signal to determine the location of the TARGET CELLPHONE on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed Order, and shall furnish the technical

3

assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of the TARGET CELLPHONE, at any time of day or night, owing to the potential need to locate the TARGET CELLPHONE outside of daytime hours;

IT IS FURTHER ORDERED that the furnishing of said information, facilities, and technical assistance by Sprint/Nextel shall terminate thirty days measured from the earlier of the day on which the investigative or law enforcement officers begin to conduct the interception of wire communications, pursuant to this Order or ten days from the date the Order is entered, unless otherwise ordered by this Court.

During the period of this Court's Order, the furnishing of such information, facilities and assistance by Sprint/Nextel and other communication service providers, shall be compensated for by the United States at the prevailing rate;

IT IS FURTHER ORDERED that Sprint/Nextel or any subsequent service provider provide originating and terminating cell site information for the intercepted wire communications, by permitting ICE's SMART System to access such information;

IT IS FURTHER ORDERED that Sprint/Nextel, and any other communication service providers, as defined in Section 2510(15) of Title 18, United States Code, shall disclose to the United States and ICE all published and non-published subscriber

4

information and toll records and information relevant to this investigation, that is, all such information pertaining to the telephone numbers associated with telephones, digital display devices, and mobile telephones used, if any, which may be requested in furtherance of this investigation, within twenty-four hours of said request, there being reason to believe that the information sought is relevant and material to an ongoing criminal investigation;

IT IS FURTHER ORDERED that any tracing operation and the use of Caller ID service for the TARGET CELLPHONE be without geographical limit;

IT IS FURTHER ORDERED that, because of the possibility that the telephone numbers assigned to the TARGET CELLPHONE may change, interception is permitted of wire communications over not only the TARGET CELLPHONE, but also over any other telephone numbers accessed through the above-listed IMSI numbers for the TARGET CELLPHONE, and any IMSI numbers accessed through the phone numbers assigned to the TARGET CELLPHONE;

IT IS FURTHER ORDERED that, in the event that the service provider changes during the course of the interception, interception may continue with the new service provider without further Order of this Court. The United States will advise the Court of the change of service provider in the periodic progress reports submitted to this Court;

5

IT IS FURTHER ORDERED that if the TARGET CELLPHONE is transferred outside the jurisdiction of this Court, such interception may take place in any other jurisdiction within the United States;

IT IS FURTHER ORDERED that, to avoid prejudice to this criminal investigation, Sprint/Nextel, as well as its agents and employees shall not disclose or cause the disclosure of this Order or the interceptions that it authorizes to any person other than its agents and employees who require said information to accomplish the interception of communications hereby ordered, and that, in particular, Sprint/Nextel, and its agents and employees shall in no event make such disclosure to the telephone users involved, or to any actual or potential interceptee; and

IT IS FURTHER ORDERED that this Order be sealed and that Sprint/Nextel, and/or the other service providers, and their agents and employees shall not disclose to the telephone users involved, to any actual or potential interceptees, or to any other person the existence of the Order or this investigation until otherwise ordered by this Court.

Dated: New York, New York
January 7, 2010

_____
HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK