UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO CONTINUE INTERCEPTING WIRE COMMUNICATIONS OCCURRING OVER A CELLULAR PHONE BEARING ASSIGNED CALL NUMBER 718-374-7838, IMSI NUMBER 316010165747046, AND UFMI NUMBER 173*167*8879 ("TARGET CELLPHONE-12") | APPLICATION FOR ORDER AUTHORIZING THE CONTINUED INTERCEPTION OF WIRE COMMUNICATIONS |

-------------------------------------------------

STATE OF NEW YORK          )
COUNTY OF NEW YORK        :    ss.:
SOUTHERN DISTRICT OF NEW YORK )

     Daniel P. Chung, an Assistant United States Attorney in the Southern District of New York, being duly sworn, states:

     1.   I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7)--that is, an attorney authorized by law to prosecute or participate in the prosecution of offenses enumerated in Title 18, United States Code, Section 2516.

     2.   Pursuant to the authority vested in him by Title 18, United States Code, Section 2516, by Order Number 3055-2009 of February 26, 2009, the Attorney General of the United States has specially designated appropriate officials of the Criminal Division to exercise the power conferred on him by Section 2516 of Title 18 of the United States Code to authorize applications for a Court Order authorizing the continued interception of wire communications.  Under the power delegated by special designation of the Attorney General, an appropriately designated official in

the Criminal Division has authorized this application.  A copy of
that official's memorandum authorizing this application, as well
as a copy of the Attorney General's Order designating that
official, are attached to this application as Exhibit A.

3.   This application is for an Order, pursuant to
Section 2518 of Title 18 of the United States Code, authorizing
the continued interception and recording of wire communications
of one or more of the following individuals:  MANUEL GEOVANNY
RODRIGUEZ, a/k/a "Shorty, a/k/a "Manny" ("RODRIGUEZ"), RICHARD
JIMENEZ-PEREZ, a/k/a "Milton Delgado," a/k/a "Javier
Ramirez-Santiago," WILLIAM DELGADO, a/k/a "Mejor," ARIEL PENA,
a/k/a "Bin, Vin," KENNETH PENA, ANDY LOCIER, MICHAEL MARTINEZ,
DANIEL VALDEZ, RICHARDO PIMENTEL, DANIEL FERNANDEZ, FNU LNU
("UM-2"), FNU LNU ("UM-3"), FNU LNU ("UM-4"), FNU LNU ("UM-7"),
FNU LNU ("UM-8"), FNU LNU ("UM-12"), FNU LNU ("UM-6658"), JOSE
QUINTERO, a/k/a "Gordo," JOSE BETANCOURT, JOSE RODRIGUEZ, a/k/a
"Viejo," ARTURO MENA, FNU LNU ("UM-7894"), FNU LNU ("UM-4209"),
ADEL SANTANA, a/k/a "Adel Santana-Zamora," ISIDRO HERRERA, EDWIN
HERRERA, a/k/a "Shampoo," RICHARD JIMINEZ-PADILLA, a/k/a "Gordo,"
JIMMY LOPEZ, a/k/a "Chuck," MATTHEW SANTIAGO, KAREEM BURKE, and
others known and unknown (the "TARGET SUBJECTS"), occurring over
a cellular telephone bearing assigned number 718-374-7838,
International Mobile Subscriber Identity ("IMSI") number
316010165747046, and Urban Fleet Mobile Identification ("UFMI")

-2-

number 173*167*8879, subscribed in the name of "EDWARD HERNANDEZ, 342 ZEREGA AVE., BRONX, NY 10473," and with service provider Sprint/Nextel ("TARGET CELLPHONE-12"); and because of the possibility that the telephone numbers assigned to TARGET CELLPHONE-12 may change, any other telephone numbers accessed through the above-listed IMSI number for TARGET CELLPHONE-12, and any IMSI number accessed through the phone numbers assigned to TARGET CELLPHONE-12.

4.    I have discussed the circumstances of the above investigation with Special Agent Jason Samuels of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), who has participated in the investigation herein; I have examined Special Agent Samuels's affidavit submitted in support of this application (attached to this application as Exhibit B and incorporated by reference herein); and I therefore state, upon information and belief, that:

### Subjects and Offenses

(a)    There is probable cause to believe that the TARGET SUBJECTS have committed, are committing, and will continue to commit the following offenses: offenses involving the distribution of, and possession with intent to distribute, controlled substances, the use of wire facilities to facilitate those offenses, the maintenance of drug-involved premises, conspiracy to do the same, and attempts to do the same, in

-3-

violation of Title 21, United States Code, Sections 841, 843,
846, 848, 856; money laundering, in violation of Title 18, United
States Code, Sections 1956 and 1957; interference with commerce
by threats or violence, in violation of Title 18, United States
Code, Section 1951; and interstate and foreign travel or
transportation in aid of racketeering enterprises, in violation
of Title 18, United States Code, Sections 1951 and 1952 (the
"TARGET OFFENSES").[1]

### Designated TARGET CELLPHONE

(b)   There is probable cause to believe that
certain of the TARGET SUBJECTS, during the period of interception
applied for herein, will use TARGET CELLPHONE-12 in furtherance
of, in connection with, to facilitate, to accomplish, and to
commit the above-described offenses.

### Venue

(c)   In connection with the telecommunications
company that provides services to TARGET CELLPHONE-12, all
interceptions over TARGET CELLPHONE-12 will automatically be
routed through New York, New York, and thus will first be heard
in the Southern District of New York.

### Objectives

---

[1]      In addition, although aiding and abetting is not a
predicate offense under 18 U.S.C. § 2516, there is probable cause
to believe that the TARGET SUBJECTS have aided and abetted and
are aiding and abetting those substantive offenses, in violation
of 18 U.S.C. § 2.

-4-

(d)   There is probable cause to believe that the interception of wire communications, the authorization for which is sought herein, will help to reveal: (i) the nature, extent and methods of operation of the narcotics activities of the TARGET SUBJECTS; (ii) the identities of the TARGET SUBJECTS, their accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities; (iii) the source, receipt, and distribution of narcotics, contraband, and money involved in those activities; (iv) the locations and items used in furtherance of those activities; (v) the existence and locations of records; (vi) the locations and sources of resources used to finance their illegal activities; and (vii) the locations and disposition of the proceeds from and relating to those activities.   In addition, these wire communications are expected to constitute admissible evidence of the commission of the above-described offenses.

### Other Investigative Procedures

(e)   As set forth more fully in Exhibit B, normal investigative techniques have been tried and have failed or reasonably appear unlikely to succeed if tried.

### Prior Applications

(f)   I have been informed that reviews have been done of the wire and electronic surveillance files of the Drug Enforcement Administration ("DEA"), ICE, and the Federal Bureau

of Investigation ("FBI"). Based on that review, I have been informed that there have been no prior applications for court authorization to intercept, or approval of interception of, wire, oral, or electronic communications of the TARGET SUBJECTS or over TARGET CELLPHONE-12, except as follows:

i. On or about May 27, 2009, Justice Bruce Allen of the Supreme Court of the State of New York, Special Narcotics Courts, County and City of New York, authorized the interception of wire communications over a telephone believed to be used by WILLIAM DELGADO, a/k/a "Mejor," which was assigned the call number 347-698-4735, and subscribed to in the name of "Amarilis Delgado," at "77 Logan St., Fl. 2, Brooklyn, New York, 11208." Interception began on or about May 27, 2009, and was re-authorized by Justice Allen on or about June 25, 2009, on or about July 24, 2009, and on or about August 18, 2009. Interception ceased on or about September 18, 2009.

ii. On or about June 25, 2009, Justice Bruce Allen of the Supreme Court of the State of New York, Special Narcotics Courts, County and City of New York, authorized the interception of wire communications over a telephone believed to be used by RICHARD JIMENEZ-PEREZ, a/k/a "Milton Delgado," a/k/a "Javier Ramirez-Santiago," which was assigned the call number 347-898-4848, and subscribed to in the name of "MANNY MANNY," at "147 Autumn Ave., Brooklyn, New York, 11208." Interception began

-6-

on or about June 25, 2009, and was re-authorized by Justice Allen on or about August 18, 2009.   Interception ceased on or about September 18, 2009.

iii. On or about July 20, 2009, Justice Bruce Allen of the Supreme Court of the State of New York, Special Narcotics Courts, County and City of New York authorized the interception of wire communications over a telephone believed to be used by WILLIAM DELGADO, a/k/a "Mejor," which was assigned the call number 347-626-3964, and subscribed to in the name of "DEE DEE," at "P.O. Box 54988, Irvine, California, 92619." Interception began on or about July 20, 2009, and was re-authorized by Justice Allen on or about August 18, 2009. Interception ceased on or about September 1, 2009.

iv.  On or about October 8, 2009, Justice Bruce Allen of the Supreme Court of the State of New York, Special Narcotics Courts, County and City of New York, authorized the interception of wire communications over three additional telephones.  The telephones were: first, one telephone believed to be used by JOSE RAMON PEREZ, which was assigned the call number 646-530-5454, and subscribed to in the name of "Selio Flores," at "P.O. Box 55026, Irvine, California, 92619;" second, one telephone believed to be used by ARIEL PENA, a/k/a "Bin, Vin," and KENNETH PENA, which was assigned the call number 646-302-7739, and subscribed to in the name of "YYYYY GGGG" at "P.O.

-7-

Box 55026, Irvine, California, 92619;" and, third, one telephone believed to be used by WILLIAM DELGADO, a/k/a "Mejor," which was assigned the call number 646-302-7739, and subscribed to in the name of "DEE DEE," at "P.O. Box 54988, Irvine, California, 92619." Interception on each of these telephones began on or about October 8, 2009, and ceased on or about November 6, 2009.

v.    On or about November 6, 2009, United States District Judge Deborah A. Batts of the United States District Court, Southern District of New York, authorized the interception of wire communications over a telephone believed to be used by OSMEL VAZQUEZ, a/k/a "Omel," which was assigned the call number 305-796-8486 and, subscribed in the name of "Silenay Valdes," at "PO Box 54988, Irvine, CA 92619," and a telephone also believed to be used by OSMEL VAZQUEZ, a/k/a "Omel," which was assigned the call number 305-796-1632, and subscribed in the name of "Pinde Venereo" at "5912 Southwest 11th Street, West Miami, FL 331440." Interception on both phones began on or about November 6, 2009, and ceased on December 5, 2009.

vi.    On or about November 12, 2009, Justice Bruce Allen of the Supreme Court of the State of New York, Special Narcotics Courts, County and City of New York, authorized the interception of wire communications over two additional telephones. The telephones were: first, one telephone believed to be used by JOSE RAMON PEREZ, which was assigned the call

-8-

number 786-412-7904, and subscribed to in the name of "Luis Enrique" at "PO Box 54988, Irvine, CA 92619"; second, one telephone believed to be used by KENNETH PENA, which was assigned the call number 347-321-5805 and subscribed to in the name of "YYYYY GGGG" at "PO Box 55026, Irvine, California, 92619." Interception on the telephone assigned call number 347-321-5805 began on or about November 12, 2009, and ceased on or about December 11, 2009. The telephone assigned call number 786-412-7904 was determined to no longer be active at around the time interception was to commence; accordingly, no calls have been intercepted over that phone.

        vii. On or about November 16, 2009, United States District Judge John F. Keenan, Southern District of New York, authorized the interception of wire communications over a telephone believed to be used by OSMEL VAZQUEZ, a/k/a "Omel," which was assigned the call number 305-345-0580, and subscribed in the name of "Yenelis Jimenez," "PO Box 54988, Irvine, CA 92619." Interception on the phone began on or about November 16, 2009, and ceased on or about December 15, 2009.

        viii. On or about January 7, 2010, United States District Judge George B. Daniels, Southern District of New York, authorized the interception of wire communications over a telephone believed to be used by MANUEL GEOVANNY RODRIGUEZ, a/k/a "Shorty," a/k/a "Manny," which was assigned the call number 646-

964-3580, and subscribed in the name of "Prepaid Prepaid," "PO
Box 55026, Irvine, CA 92619" ("RODRIGUEZ CELLPHONE-1").
Interception on RODRIGUEZ CELLPHONE-1 commenced on or about
January 7, 2010, and continued through January 19, 2010, when
agents began monitoring only the pen register on RODRIGUEZ
CELLPHONE-1.

        ix.  On or about January 22, 2010, United
States District Judge Denny Chin, Southern District of New York,
authorized the interception of wire communications over a
telephone believed to be used by MANUEL GEOVANNY RODRIGUEZ, a/k/a
"Shorty," a/k/a "Manny," which was assigned the call number 718-
662-4183,  IMSI 316010155531736, and UFMI 173*350*2193 and
subscribed in the name of "Prepaid Prepaid," at "PO Box 54988,
Irvine, CA 92619" ("RODRIGUEZ CELLPHONE-2").  Interception on
RODRIGUEZ CELLPHONE-2 commenced on or about January 22, 2010, and
continued through on or about February 12, 2010, when it appeared
that RODRIGUEZ ceased using RODRIGUEZ CELLPHONE-2.

        x.  On or about December 7, 2009, United
States District Judge Marcia Cooke, Southern District of Florida,
authorized the interception of wire communications over a
telephone believed to be used by LUIS CASTILLO, which was
assigned the call number 786-202-0271, and subscribed in the name
of "Luis Castillo," at "58-30 NW 111 Ave., Miami FL 33178."
Interception on this telephone commenced on or about December 8,

2009, and continued through on or about January 6, 2010.
Interception was re-authorized by Judge Cooke on or about January
19, 2010; interception recommenced on or about the same day and
ceased on or about February 17, 2010.

xi.   On or about February 25, 2010, the
Honorable Shira A. Scheindlin, United States District Judge for
the Southern District of New York, issued an order authorizing
the interception of wire communications occurring over the
cellular telephone assigned call number 646-778-1722 and IMSI
316010168588562 ("RODRIGUEZ CELLPHONE-4") as well as the cellular
telephone assigned call number 917-349-6712, and IMSI
310260581689548 ("RODRIGUEZ CELLPHONE-3"), both believed to be
used by MANUEL GEOVANNY RODRIGUEZ, a/k/a "Shorty," a/k/a "Manny."
Interception of both RODRIGUEZ CELLPHONE-4 and RODRIGUEZ
CELLPHONE-3 began on or about February 25, 2010.   Interception of
RODRIGUEZ CELLPHONE-3 ceased on or about March 27, 2010.   On or
about March 26, 2010, the Honorable Lewis A. Kaplan authorized
the continued interception of RODRIGUEZ CELLPHONE-4.
Interception of RODRIGUEZ CELLPHONE-4 ceased on or about April
25, 2010.

xii.   On or about March 22, 2010, the
Honorable Lewis A. Kaplan, United States District Judge for the
Southern District of New York, issued an order authorizing the
interception of wire communications occurring over a cellular

-11-

phone assigned call number 917-378-3586 and IMSI Number 310260580055379, believed to be used by MANUEL GEOVANNY RODRIGUEZ, a/k/a "Shorty," a/k/a "Manny" ("RODRIGEZ CELLPHONE-5"). Interception of RODRIGUEZ CELLPHONE-5 commenced on March 22, 2010, and ceased on April 21, 2010.

xiii. On or about April 5, 2010, the Honorable John G. Koeltl, United States District Judge for the Southern District of New York, issued an order authorizing the interception of wire communications occurring over the cellular phone assigned call number 347-386-9572 and IMSI Number 316010168455014, believed to be used by MANUEL GEOVANNY RODRIGUEZ, a/k/a "Shorty," a/k/a "Manny" ("RODRIGUEZ CELLPHONE-6") as well as the cellular phone assigned call number 347-679-6912 and IMSI Number 316010160435631, believed to be used by JOSE RODRIGUEZ, a/k/a "Viejo" ("TARGET CELLPHONE-7"). Interception of RODRIGUEZ CELLPHONE-6 ceased on or about May 5, 2010. Interception of TARGET CELLPHONE-7 ceased on or about May 25, 2010.

xiv. On or about April 28, 2010, the Honorable Lawrence M. McKenna, United States District Judge for the Southern District of New York, issued an order authorizing the interception of wire communications over the cellular phone assigned call number 646-423-5516 and IMSI Number 316010165674167, believed to be used by MANUEL GEOVANNY

-12-

RODRIGUEZ, a/k/a "Shorty," a/k/a "Manny" ("TARGET CELLPHONE-8").
Interception of TARGET CELLPHONE-8 commenced on April 28, 2010,
was renewed on or about May 27, 2010, by the Honorable Richard J.
Holwell, United States District Judge for the Southern District
of New York, and terminated on or about June 26, 2010.
Interception recommenced on or about June 28, 2010, pursuant to a
reauthorization by the Honorable Sidney H. Stein.   Interception
of TARGET CELLPHONE-8 ceased on or about July 19, 2010.

        xv.   On or about May 6, 2010, the Honorable
Lawrence M. McKenna, United States District Judge for the
Southern District of New York, issued an order authorizing the
interception of wire communications occurring over the cellular
phone assigned call number 646-533-1136, IMSI number
316010165684489, and UFMI number 173*168*14774, subscribed to in
the name "BOOST BOOST," with address PO Box 54988, Irvine, CA
92619, and with service provided by Sprint/Nextel ("TARGET
CELLPHONE-9").   Interception of TARGET CELLPHONE-9 commenced on
or about May 6, 2010, and terminated on or about May 24, 2010.

        xvi. On or about June 14, 2010, the Honorable
William H. Pauley III, United States District Judge for the
Southern District of New York, issued an order authorizing the
interception of communications occurring over the cellular phone
assigned call number 646-404-6961, IMSI number 316010165710606,
and UFMI number 173*172*1431, subscribed in the name of "JOE JOE,

PO BOX 54966, IRVINE CA 92619," and with service provider
Sprint/Nextel ("TARGET CELLPHONE-10").  Interception of TARGET
CELLPHONE-10 commenced on June 14, 2010 and was reauthorized by
the Honorable P. Kevin Castel on or about July 13, 2010.  On or
about July 26, 2010, agents began monitoring only a pen register
on the phone.  Interception ceased overall on August 5, 2010.



xviii.  On or about August 5, 2010, the
Honorable Laura Taylor Swain, United States District Judge for
the Southern District of New York, issued an order authorizing
the interception of communications occurring over TARGET
CELLPHONE-12, for which reauthorization is being sought herein.
Interception of TARGET CELLPHONE-12 commenced on August 5, 2010,

and remains ongoing as of the date of this affidavit.

WHEREFORE, I believe that probable cause exists to believe that the TARGET SUBJECTS, during the period of interception applied for herein, will continue to use TARGET CELLPHONE-12 to communicate with each other and others as yet unknown, in connection with the commission of the above-described offenses.  I further believe that, if the interception herein applied for is authorized by this Court, wire communications of the TARGET SUBJECTS concerning those offenses will be intercepted.

On the basis of the allegations contained in this application and on the basis of the attached affidavit of Special Agent Samuels:

IT IS HEREBY REQUESTED that this Court issue an Order, pursuant to the power conferred on it by Section 2518 of Title 18 of the United States Code, authorizing officers and agents with ICE and other investigative and law enforcement officers, assisted, if necessary, by authorized translators, to continue to intercept and to record wire communications of the TARGET SUBJECTS over TARGET CELLPHONE-12 until such communications are intercepted that fully reveal (i) the nature, extent, and methods of operation of the narcotics and money laundering business and activities of the TARGET SUBJECTS; (ii) the identities and roles of accomplices, aiders and abettors, co-conspirators, and other

-15-

participants in their illegal activities; (iii) the receipt and
distribution of contraband and money involved in those
activities; (iv) the locations and items used in furtherance of
those activities; (v) the existence and locations of records;
(vi) the locations and sources of resources used to finance their
illegal activities; and (vii) the locations and dispositions of
proceeds from those activities -- or for a period of thirty (30)
days, whichever is earlier.

IT IS FURTHER REQUESTED, because of the mobility of
portable cellular telephones, that the Order authorize the
continued interception of wire communications within the Southern
District of New York, and outside the jurisdiction but within the
United States, pursuant to Section 2518(3) of Title 18, United
States Code.  In addition, it is requested that the Order
authorize the continued interception of background conversations
in the vicinity of TARGET CELLPHONE-12 while the telephones is
off the hook or otherwise in use.

IT IS FURTHER REQUESTED that the Order require its
execution as soon as practicable after it is signed, and that
interception be conducted in such a way as to minimize the
interception of wire communications not otherwise subject to
interception under Chapter 119 of Title 18 of the United States
Code and terminate upon attainment of the authorized objectives,
or, in any event, at the end of thirty (30) days.  If the

-16-

conversation is minimized, agents will spot check to insure that the conversation has not turned to criminal matters. The 30 days is measured from the date of this Court's Order.

Monitoring of conversations must immediately terminate when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119 of Title 18, United States Code. Interception must be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the named interceptees or any of their confederates, when identified, are participants in the conversation unless it is determined that the conversation is criminal in nature. If a conversation is minimized, monitoring agents may spot check to ensure that the conversation has not turned to criminal matters. It is further requested, pursuant to Section 2518(5) of Title 18 of the United States Code, that, in the event the intercepted communications are in a code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, minimization may be accomplished as soon as practicable after such interception. Special attention will be given to minimize privilege communications.

IT IS FURTHER REQUESTED, pursuant to the provisions of Title 18, United States Code, Sections 2518(4), that it be ordered that Sprint/Nextel, the service provider for TARGET CELLPHONE-12, and any other service provider for TARGET

-17-

CELLPHONE-12, furnish the technical assistance necessary to accomplish the interception unobtrusively and with a minimum of interference with such services as those providers accord the persons whose communications are to be intercepted (including all dial digits, including all incoming and outgoing calls and pen register information, pursuant to Title 18, United States Code, Section 3121, et seq., and audio interception capability whether the cellular telephone is in roaming mode or otherwise).  It is further requested that Sprint/Nextel, the service provider for TARGET CELLPHONE-12, and any other service providers for TARGET CELLPHONE-12, maintain service to TARGET CELLPHONE-12 for the period of interception and any extensions thereto.  The assistance of this provider is required to accomplish the objectives of the requested interceptions.  Reasonable expenses incurred pursuant to this activity will be processed for payment by ICE.

IT IS FURTHER REQUESTED, because the need for contemporaneous information concerning the intercepted communications is especially important in the present investigation, that Sprint/Nextel, and any other service provider for TARGET CELLPHONE-12, be ordered, under Title 18, United States Code, Sections 2703 and 3121 et seq., to provide originating and terminating cell site information for TARGET

CELLPHONE-12, by permitting access to such information.[2]

IT IS FURTHER REQUESTED, pursuant to Federal Rule of Criminal Procedure 41, that the Court issue an Order directing Sprint/Nextel to assist agents of ICE and other law enforcement agencies by providing all information, facilities and technical assistance needed to ascertain the physical location of TARGET CELLPHONE-12, including but not limited to data indicating the specific latitude and longitude of (or other precise location information concerning) TARGET CELLPHONE-12 (the "Requested Location Information"), for a period of thirty (30) days.

As explained in more detail in the Affidavit, there is probable cause to believe that the location of TARGET CELLPHONE-12 at times determined by investigators will constitute or lead to evidence of the TARGET OFFENSES.

In light of the above, the Government requests that this Court direct Sprint/Nextel to disclose the Requested Location Information concerning TARGET CELLPHONE-12, and to initiate a signal to determine the location of TARGET CELLPHONE-12 on the service provider's network or with such other reference points as may be reasonably available and at such intervals and

---

[2]     In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable cause.  See In re Application, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. 2703(d) & 3121 et seq.).

times as directed by the law enforcement agent serving the Order to Sprint/Nextel, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of TARGET CELLPHONE-12, at any time of day or night, owing to the potential need to locate TARGET CELLPHONE-12 outside of daytime hours.

IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of 30 days after the termination of the authorized period for acquisition of the Requested Location Information.

IT IS FURTHER REQUESTED that Sprint/Nextel, and any other service provider for TARGET CELLPHONE-12, shall disclose to the United States and ICE, all published and non-published subscriber information and toll records and information relevant to this investigation, that is, all such information pertaining to the telephone numbers associated with telephones, digital display devices, and mobile telephones used, if any, which may be requested in furtherance of this investigation, within twenty-four hours of said request, there being reason to believe that the information sought is relevant and material to an ongoing criminal investigation.

IT IS FURTHER REQUESTED that any tracing operation and the use of Caller ID service for TARGET CELLPHONE-12 be without

-20-

geographical limit.

IT IS FURTHER REQUESTED that, because of the possibility that the telephone number assigned to TARGET CELLPHONE-12 may change, interception is permitted of wire communications over not only TARGET CELLPHONE-12, but also over any other telephone numbers accessed through the above-listed IMSI number for TARGET CELLPHONE-12, and any IMSI number accessed through the phone number assigned to TARGET CELLPHONE-12.

IT IS FURTHER REQUESTED that, in the event that the service provider changes during the course of the interception, interception may continue with the new service provider without further order of this court.  The United States will advise the Court of the change of service provider in the periodic progress reports submitted to this Court.

IT IS FURTHER REQUESTED that if TARGET CELLPHONE-12 is transferred outside the jurisdiction of this Court, such interception may take place in any other jurisdiction within the United States.

IT IS FURTHER REQUESTED that Assistant United States Attorney Daniel P. Chung, or any other Assistant United States Attorney familiar with the facts of this case be ordered to cause to be provided to the Court a report on or about the tenth and twentieth days following the date of the Order, showing what progress has been made toward the achievement of the authorized objectives and the need for continued interception.  If any such

-21-

reports become due on weekends or holidays, they should become due on or about the next business day thereafter.

IT IS FURTHER REQUESTED that no inventory or return of the results of the foregoing wire surveillance and interception need be made, other than the above-required reports, before 90 days from the date of the expiration of the Order, or any extension of the Order, or at such time as the Court in its discretion may require.

IT IS FURTHER REQUESTED that, upon an _ex parte_ showing of good cause to a judge of competent jurisdiction, the services of the above inventory or return may be postponed for a further reasonable period of time.

IT IS FURTHER REQUESTED that, to avoid prejudice to this criminal investigation, Sprint/Nextel, and its agents and employees shall not disclose or cause the disclosure of the Order or the interception that it authorizes to any person other than those of its agents and employees who require said information to accomplish the interception of communications hereby ordered, and that, in particular, Sprint/Nextel, and its agents and employees shall in no event make such disclosure to the telephone user involved, or to any actual or potential interceptees.

IT IS FURTHER REQUESTED that this affidavit, as it reveals an ongoing investigation, be sealed until further Order

of the Court in order to avoid premature disclosure of the
investigation, guard against fugitives, and better ensure the
safety of agents and others.

Daniel P. Chung
Assistant United States Attorney
Southern District of New York
(212) 637-2417

Sworn to before me this
3 day of September, 2010

HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK