```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA             :
                                     :
     - v. -                          :
                                     :   INTERLOCUTORY
MANUEL GEOVANNY RODRIGUEZ-PEREZ,     :   STIPULATION AND ORDER
     a/k/a "Manuel Rodriguez,"       :
     a/k/a "Andres Garcia,"          :   S38 10 Cr. 905 (LTS)
     a/k/a "Manny,"                  :
     a/k/a "Shorty,"                 :
     a/k/a "El Monstro,"             :
                                     :
                    Defendant.       :
                                     :
- - - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about March 24, 2014, MANUEL GEOVANNY RODRIGUEZ-PEREZ, a/k/a "Manuel Rodriguez," a/k/a "Andres Garcia," a/k/a "Manny," a/k/a "Shorty," a/k/a "El Monstro," (the "defendant"), among others, was charged in a forty-eight count Indictment, S38 10 Cr. 905 (LTS) (the "Indictment"), with racketeering, in violation of Title 18, United States Code, Sections 1961 and 1962(c) (Count One); racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count Two); narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Three); murder in aid of racketeering activity, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2 (Counts Four, Seven, Ten, Twelve, Fifteen, Eighteen, Twenty-One, Twenty-Six, Twenty-Nine, and Thirty-Seven); murder

1

while engaged in a narcotics trafficking offense, in violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2 (Counts Five, Eight, Eleven, Thirteen, Sixteen, Nineteen, Twenty-Four, Twenty-Seven, Thirty-Two, and Thirty-Eight); murder during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(j) and 2 (Counts Six, Nine, Fourteen, Seventeen, Twenty, Twenty-Five, Twenty-Eight, Thirty-Three, and Thirty-Nine); conspiracy to commit murder for hire, in violation of Title 18, United States Code, Section 1958 (Counts Twenty-Two and Thirty); murder for hire, in violation of Title 18, United States Code, Sections 1958 and 2 (Counts Twenty-Three and Thirty-One); conspiracy to murder in aid of racketeering activity, in violation of Title 18, United States Code, Sections 1959(a)(5) and 2 (Count Thirty-Four); conspiracy to murder within the jurisdiction of the United States, in violation of Title 18, United States Code, Sections 1111 and 1117 (Count Forty); murder within the jurisdiction of the United States, in violation of Title 18, United States Code, Sections 1111 and 2 (Count Forty-One); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Counts Forty-Two through Forty-Four); travel in interstate and foreign commerce in aid of racketeering, in violation of Title 18, United States Code, Sections 1952 and 2 (Count Forty-Five); obstruction of justice, in violation of Title 18, United

States Code, Sections 1512(a)(2), 1512(a)(3)(C), 1512(b), and 2 (Count Forty-Six); false statements, in violation of Title 18, United States Code, Sections 1001 and 2 (Count Forty-Seven); and use, carrying, and possession of firearms during and in relation to and in furtherance of racketeering, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2 (Count Forty-Eight);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of any and all property constituting and derived from any proceeds the defendant obtained, directly and indirectly, as a result of the offenses alleged in Counts One and Two of the Indictment, including, but not limited to, the following:

    a.   at least $25 million, which constitutes the approximate amount of gross proceeds received by the defendants derived from racketeering activities as alleged in Counts One and Two of the Indictment, and

    b.   all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 1830 South Ocean Drive, #2302, Hallandale Beach, Florida 33009 (the "Subject Property");

WHEREAS, the Indictment included a second forfeiture allegation as to Count Three, seeking forfeiture to the United

3

States, pursuant to Title 21, United States Code, Section 853, of all property constituting and derived from any proceeds the defendant obtained, directly and indirectly, as a result of the offense alleged in Count Three of the Indictment, and any property used and intended to be used in any manner and part to commit and to facilitate the commission of the offense charged in Count Three, including, but not limited to, the Subject Property;

WHEREAS, the Indictment included a third forfeiture allegation as to Counts Forty-Two, Forty-Three, and Forty-Four, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1)(A), of all property, real and personal, involved in the offenses charged in Counts Forty-Two, Forty-Three, and Forty-Four of the Indictment and all property traceable to such property, including, but not limited to, the Subject Property;

WHEREAS, the Indictment included a fourth forfeiture allegation as to Count Forty-Five, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, constituting or derived from proceeds traceable to the commission of the offense charged in Count Forty-Five of the Indictment, including, but not limited to, the Subject Property;

4

WHEREAS, the Subject Property was previously held in the name of MANUEL GEOVANNY RODRIGUEZ-PEREZ;

WHEREAS, the Subject Property has been sold by Bank of America, N.A. after the conclusion of the foreclosure proceedings;

WHEREAS, the net proceeds from the sale of the foreclosure proceedings (the "Sale Proceeds") as well as rental income from the Subject Property ("Rental Income"), is currently being held by Exclusive Royal Realty pending release to the proper recipient;

WHEREAS, on or about November 14, 2011, the Court entered a Post-Indictment Restraining Order Pursuant to 21 U.S.C. § 853, to maintain the Subject Property, as well as all rents collected therefrom;

WHEREAS, as per the Post-Indictment Restraining Order, Exclusive Royal Realty was responsible for maintaining the Subject Property and collecting rental payments;

WHEREAS, the parties agree that an interlocutory stipulation will preserve the Sale Proceeds and the Rental Income pending the conclusion of the forfeiture proceedings, and that the Sale Proceeds and the Rental Income shall be held as the substitute res pending further order of this Court;

NOW, THEREFORE, IT IS HEREBY AGREED, by and between the United States of America by its attorney Preet Bharara, United States attorney for the Southern District of New York, Assistant United

States Attorney Andrew C. Adams, of counsel; and the defendant, by and through his counsel, Richard Levitt, Esq. that:

1. Exclusive Royal Realty shall transfer to the United States Customs and Border Protection ("CBP") (or its designee) the Sale Proceeds.

2. Exclusive Royal Realty shall transfer to CBP (or its designee) the Rental Income.

3. The Sale Proceeds and the Rental Income, and interest accrued thereon, shall be a *substitute res* for the Subject Property and held in the Treasury Assets Forfeiture Fund, pending the outcome of this action. In any forfeiture proceedings, the Sale Proceeds and the Rental Income, shall be treated in all respects as though they are the Subject Property.

4. The transfer of the Sale Proceeds and the Rental Income shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

6.  Each party shall bear its own costs and attorneys' fees.

[CONTINUED ON FOLLOWING PAGE]

7. The signature pages of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by fax or by .pdf and such signatures shall be deemed as valid originals.

Agreed and consented to:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____          1/28/2015
    ANDREW C. ADAMS                           DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-2340

MANUEL GEOVANNY RODRIGUEZ-PEREZ

By: _____          1-28-2015
    RICHARD LEVITT                            DATE

    Attorney for Defendant
    Levitt & Kaizer
    40 Fulton Street, 23rd Floor
    New York, NY 10038

SO ORDERED:

_____               _____
THE HONORABLE LAURA TAYLOR SWAIN              DATE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

8