THE LAW OFFICES OF

# STEVEN L. KESSLER

June 21, 2018

**VIA ECF**
**Courtesy Copy to Chambers by Federal Express**
The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

      Re:   *United States v. Rodriguez-Perez*
              S38 10 Cr. 905 (LTS)

Dear Judge Swain:

      This office represents Petitioners and Third-Party Claimants Daniel Perla and Binyan Or, LLC ("Petitioners") in ancillary proceedings relating to property sought to be forfeited in the referenced matter. Petitioners are assignees of a Note and Mortgage on property the government seeks to forfeit, located at 62 E. 131st St., New York, N.Y.

      As the Court will recall, on August 18, 2017, the government filed an opposed motion to dismiss Petitioners' Petition for failure to state a claim. That motion is currently pending before the Court.

      Last week, the Second Circuit issued an important decision addressing third party property rights in criminal forfeiture cases. A copy of the decision, *United States v. Daugerdas*, 2018 WL 2944310 (2d Cir. June 13, 2018), is attached. The court held that the third party, the defendant's wife, who claimed a vested interest in certain accounts containing tainted and untainted funds, "has a due process right to be heard by the district court on her claim that the Accounts are her property and thus may not be forfeited to the government as substitute assets of her husband Paul in order to satisfy an *in personam* order of forfeiture against him." *Id.*, at *10.

      Petitioners have demonstrated in our submissions that the funds secured by their Note and Mortgage were provided by Petitioners' assignor, Al Groner, not the defendant. Petitioners paid fair market value for the Note and Mortgage. Thus, Petitioners' interest in the property is, at best, a substitute asset and may not be forfeited as property of the defendant. *See Daugerdas*, 2018 WL 2944310, at *1 ("criminal forfeiture is an *in personam* action in which only the defendant's interest in the property may be forfeited") (quoting Fed. R. Crim. P. 32.2 advisory committee notes (2000)).

*Hon. Laura Taylor Swain*  page  – 2 –
*June 21, 2018*

      Under *Daugerdas*, the Due Process Clause dictates that Petitioners may not be "deprived of [their] vested property interest" in the Note and Mortgage without a hearing on the merits of their Petition.  *Daugerdas*, 2018 WL 2944310, at *9.

      Accordingly, the *Daugerdas* decision confirms that the government's motion to dismiss must be denied.

                                          Respectfully submitted,

                                          *Steven L. Kessler*

                                          Steven L. Kessler

cc:  All counsel of record (*by ECF*)