*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

June 22, 2018

**BY ECF**
The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    <u>United States v. Rodriguez-Perez</u>
              S38 10 Cr. 905 (LTS)

Dear Judge Swain:

      The Government respectfully submits this letter in response the June 21, 2018 submission by third-party petitioners Daniel Perla and Binyan Or, LLC (the "Petitioners"), arguing that the Second Circuit's recent decision in *United States v. Daugerdas*, 2018WL2944310 (2d Cir. June 13, 2018), entitles Petitioners to a merits hearing on their petition. (D.E. 2157). Petitioners are wrong.

      *Daugerdas* held that a third-party has a due process right to assert a claim of ownership in criminally forfeited substitute assets, 2018WL2944310 at *10, a situation wholly inapposite to the instant matter. At issue in *Daugerdas* were accounts controlled by the defendant's wife that, the defendant argued, contained funds that were crime proceeds that had been hopelessly commingled with "clean" funds that the defendant had earned legitimately through his employment. *Id* at *4. The district court found that all of the funds were crime proceeds and ordered the funds forfeited. *Id.* Defendant's wife (as a third party petitioner) subsequently challenged the forfeiture of those funds during the pendency of defendant's appeal, but her petition was dismissed for lack of standing and for failure to state a claim. *Id.* The *Daugerdas* Court reversed the district court, finding that defendant's wife should be entitled an opportunity to plead sufficient facts in a verified petition that, if true, would establish that the forfeited funds were, in fact, substitute assets—that they could not (or at least not all) be traced to the commission of defendant's crime—and that these substitute assets "were under her independent ownership and control before the government's interest in them vested[.]" *Daugerdas*, at *9.

      Here, Petitioners have not pleaded, and cannot plausibly plead, such facts. The Government has forfeited the defendant's interest in 62 East 131st Street, New York, New York (the "Subject Property"). As set forth in the Government's Motion to Dismiss, the Government's

interest in the Subject Property is superior to the Petitioners' as the Subject Property was purchased by the defendant using narcotics proceeds, and the Petitioners acquired their claimed interest while on notice that the Subject Property was forfeitable.  The fact that the Petitioners highlight in their submission—that their claimed interest in the Subject Property was acquired with untainted funds—says nothing about the propriety of the forfeiture of the Subject Property as criminal proceeds.  As such, *Daugerdas* has no impact on the Court's decision on the Government's Motion.

Accordingly, the Court should decide the Government's Motion on the submissions currently before the Court.

                              Respectfully submitted,

                              GEOFFREY S. BERMAN
                              United States Attorney

By:       _____s/_____
           Noah Falk
           Assistant United States Attorney
           One St. Andrew's Plaza
           New York, New York 10007
           Tel. (212) 637-1085

Encl.