THE LAW OFFICES OF

# STEVEN L. KESSLER

June 26, 2018

**VIA ECF**
The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

      Re:   *United States v. Rodriguez-Perez*
                S38 10 Cr. 905 (LTS)

Dear Judge Swain:

      Petitioners Binyan Or and Daniel Perla ("Petitioners") respectfully submit this brief reply to the government's June 22, 2018 response to our submission to the Court.

      The government's attempts to distinguish *Daugerdas* serve only to highlight its relevance to the matter before this Court, both on constitutional and factual grounds.

      *Daugerdas* is applicable on due process grounds: The government's contention that the constitutional underpinning of the Second Circuit's decision does not apply here must be rejected.  As *Daugerdas* makes clear, under the Due Process Clause, a third party petitioner in a criminal forfeiture proceeding who has a "vested interest" in property cannot be divested of that interest without an opportunity to demonstrate, at a hearing on the merits, that such interest is not subject to forfeiture.  The government does not attempt to deny that Petitioners, through their Note and Mortgage, have a "vested interest" in the property sought to be forfeited. *Daugerdas* confirms that, on this ground alone, the government's motion to dismiss Petitioners' Petition must be denied.

      *Daugerdas* is applicable on it facts:  The government's attempts to distinguish *Daugerdas* on its facts must be rejected as well.  The property here is analogous to the commingled accounts in *Daugerdas*.  Just as Mrs. Daugerdas argued that some of the funds in those accounts belonged to her, not the defendant, and were not traceable to the defendant's crimes, Petitioners here have demonstrated that the equity in the property secured by the Note and Mortgage was funded by a first mortgage on the property, not by the defendant.  And those funds are *not* traceable to the defendant's crimes.

**Hon. Laura Taylor Swain**  page  – 2 –
**June 26, 2018**

  Further, the government's claim that *Daugerdas* is inapplicable because its interest in the property here predated the assignment of the Note and Mortgage to Petitioners must also be rejected.  The defendant purchased the property *subject to* the Note and Mortgage, held by Petitioners' predecessor and from whom Petitioners purchased the Note and Mortgage. No one – not the Petitioners and not their predecessor from whom they purchased the Note and Mortgage – ever dealt with defendant Rodriguez.  Petitioners' predecessor dealt with the previous owner of the property and Petitioners purchased the Mortgage and Note from him. Thus, the Note and Mortgage not only predated the *government's* interest in the property, but predated the *defendant's ownership* of the property.

  Under these facts, Petitioners, like Mrs. Daugerdas, have a due process right to have the priority of their vested interest in the property determined after a hearing on the merits of their Petition.  Accordingly, the government's motion should be denied.

            Respectfully submitted,

            *Steven L. Kessler*

            Steven L.  Kessler

cc:  All counsel of record (*by ECF*)