UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                                                                     No. 10 CR 905-LTS

MANUEL GEOVANNY Rodriguez-PEREZ,
      a/k/a "Manuel Rodriguez,"
      a/k/a "Andres Garcia,"
      a/k/a "Manny,"
      a/k/a "Shorty,"
      a/k/a "El Monstro,"

      Defendant.

-----------------------------------------------------------x

DANIEL PERLA and BINYAN OR, LLC

      Third-Party Claimants

-----------------------------------------------------------x

ORDER

      The Court has received and reviewed the Government's motion to dismiss the Petition of Daniel Perla and Binyan Or, LLC pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A), as well as the pleadings related thereto. (Docket Entry No. 2045.) The Court will hear oral argument in connection with the motion on **July 11, 2018** at **10:00 a.m.** in **Courtroom 17C**. The parties are directed to focus their arguments on the following topics:

1. What interest Defendant held in the real property subject to the petition and what interest in that property Defendant forfeited to the Government.

2. Whether a superior interest under 21 U.S.C. § 853(n)(6)(A) must have been held by the petitioner itself at the time of the acts giving rise to forfeiture to constitute a proper predicate for amendment of an order of forfeiture pursuant

    to 21 U.S.C. § 853(n), or whether relief may be available under that section to an assignee or transferee or such a superior interest.. See United States v. Watts, 786 F.3d 152, 166-67, 167 n.7 (2d Cir. 2015); see also Pacheco v. Serendensky, 393 F.3d 348, 353 (2d Cir. 2004).

3. Whether permitting the Government to take, through forfeiture, a superior lien interest in real property that was created before the Government's interest vested and was subsequently purchased with untainted funds would implicate due process concerns notwithstanding whether such a forfeiture can be challenged under 21 U.S.C. § 853(n)(6)(A).  See United States v. Daugerdas, Docket No. 17-898-cv (June 13, 2018).

    The Government, on the one hand, and Petitioners, on the other, will each be allocated **20 minutes** for their respective arguments.

    SO ORDERED.

Dated: New York, New York
       June 28, 2018

                                              _/s/ Laura Taylor Swain_
                                              LAURA TAYLOR SWAIN
                                              United States District Judge