UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES

v.                                                              1:10-CR-905-LTS-1

MANUEL RODRIGUEZ-PEREZ,

                              Defendant.

ORDER

Defendant Manuel Rodriguez-Perez ("Mr. Rodriguez" or "Defendant") is currently incarcerated in the United States Penitentiary, Administrative Maximum Facility ("ADX") in Florence, Colorado.  Defendant brings a pro se motion seeking to challenge Special Administrative Measures ("SAMs") that prohibit him from contacting members of his family. (See docket entry no. 2484 ("Motion").)[1]  The Government filed papers in opposition to Defendant's Motion (see docket entry no. 2488 ("Opposition" or "Opp.")), to which Defendant did not file a reply.  For the following reasons, Defendant's Motion is denied without prejudice to proper filing as a petition for a writ of habeas corpus in the United States District Court for the District of Colorado.

---

[1]    Mr. Rodriguez's Motion has been electronically docketed under seal, and the Government argues that continued sealing is necessary and appropriate.  While there ordinarily is a "strong presumption of public access" to judicial documents, Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006), courts in this Circuit frequently permit sealing of information that could endanger third parties, see United States v. Pasqua, No. 16-CR-591-NSR, 2020 WL 7338082, at *2 (S.D.N.Y. Dec. 12, 2020) (collecting cases).  Here, Defendant's criminal case arose from his leadership of a criminal organization with a documented history of violent retaliation, and the disclosure of Defendant's Motion could potentially place individuals' safety at risk.  The Court finds that those safety interests outweigh the presumption of public access, so the Motion will be maintained under seal.

While Mr. Rodriguez's Motion does not identify the statutory basis upon which he seeks relief, the Court has an obligation to "construe a pro se litigant's pleadings and motions liberally." In re Sims, 534 F.3d 117, 133 (2d Cir. 2008); see also Roldan v. Racette, 984 F.2d 85, 87 (2d Cir. 1993) (same for pro se habeas corpus petitions). Defendant contests the validity and necessity of his SAMs, which are conditions of confinement that were imposed upon Defendant pursuant to 28 C.F.R. section 501.3. "When a federal inmate is challenging the conditions of confinement, the proper vehicle for such a challenge is the federal habeas statute, 28 U.S.C. § 2241." Jabarah v. Garcia, No. 08-CV-3592-DC, 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) (Chin, J.); see also Moussaoui v. Biden, No. 25-CV-0691-JGK, 2025 WL 457804, at *1 (S.D.N.Y. Jan. 28, 2025) (same).

Here, because Defendant is serving his sentence at a facility in Colorado, the Court lacks any means of granting the relief Defendant seeks based upon the Motion. First, the proper vehicle for challenging Defendant's SAMs would be a habeas corpus petition under 28 U.S.C. section 2241 ("Section 2241"), not a motion in his criminal case. Even if the Court were able to construe and treat Defendant's Motion as a habeas petition and Defendant had properly exhausted any administrative remedies, the Court would still be unable to grant Defendant's requested relief because jurisdiction and venue are improper in this District. For habeas petitions that challenge conditions of physical confinement, including conditions arising from SAM restrictions, jurisdiction and venue properly lie in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004); Salim v. Ausa  Sdny Off., No. 22-CV-0721-LTS, 2022 WL 1394782, at *1 (S.D.N.Y. Apr. 4, 2022) (collecting cases). Mr. Rodriguez therefore must challenge his SAMs and seek modifications to his conditions of confinement in the district where he is confined. Salim, 2022 WL 1394782, at *1. Because he is confined at the ADX in

RODRIGUEZ – ORDER                    MAY 26, 2026                    2

Florence, Colorado, which is located in the federal judicial District of Colorado, 28 U.S.C. § 85,

Mr. Rodriguez's Motion is denied without prejudice to proper filing of a Section 2241 <u>habeas</u>

petition in the District of Colorado.

This Order resolves docket entry no. 2484.  The Clerk of Court is respectfully

directed to mail a copy of this Order to the Defendant at the address shown below.

SO ORDERED.

Dated: New York, New York
        May 26, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Mail To:**

Mr. Manuel Rodriguez-Perez
Registration No. 64040-054
U.S. Penitentiary Max
P.O. Box 8500
Florence, Colorado 81226